By the Court.
 

 The question presented is whether the facts set out in the amended petition show that the members of the board of public affairs of the village of Manchester are refusing to perform a duty specially enjoined upon them by law.
 

 The law governing and controlling such procedure, and defining the powers and authority of respondents with reference to the sale of such property, is set forth in Sections 3698 and 3699, General Code. The former authorizes municipal corporations to sell or lease real estate or personal property belonging to the corporation when not needed for any municipal purpose, and provides that “such power shall be exercised in the manner provided in this chapter.” The latter section provides as follows:
 

 “No contract for the sale or lease of real estate
 
 *175
 
 shall be made unless authorized by an ordinance, approved by the votes of two-thirds of all members elected to the council, and by the board or officer having supervision or management of such real estate. When such contract is so authorized, it shall be made in writing by the board or officer having such supervision or management and only with the highest bidder, after advertisement once a week for five consecutive weeks in a newspaper of general circulation within the corporation. Such board or officer may reject any or all bids and readvertise until all such real estate is sold or leased.”
 

 Before the municipal authorities are authorized, much less required, to sell any property belonging to a municipality, it must appear that such property is not needed for any municipal purpose. There is no such averment in the petition. An ordinance enacted by the village council, incorporated in the petition, recites the granting of a franchise to and acceptance thereof by the Adams County Power & Light Company, and it appears to have been declared by council in that ordinance that by reason thereof the property to be sold was not needed for any municipal purpose. If we assume that the recitals of the ordinance are a sufficient averment of the granting of the franchise and the acceptance thereof, still it does not appear by such recitals, or otherwise, that the Adams County Power
 
 &
 
 Light Company has complied with, or that it is able to comply with and carry out and fulfill, the conditions and requirements of such franchise ordinance, even if it would follow that by reason of those facts such property would
 
 *176
 
 no longer be needed for municipal purposes. The board of public affairs is the board having supervision and management of this property. Under the provisions of Section 3699, General Code, even though two-thirds of the members of the council pass an ordinance for the sale of such property, a contract therefor cannot be made without the approval of such board. "When it dearly appears in the pleading itself that the board, although having formerly approved the proposition, has subsequently disapproved it and refuses to go forward with the sale, the board is acting within the authority vested in it by the provisions of Section 3699, General Code.
 

 Writ denied.
 

 Marshall, C. J., Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.